IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID G. BERUBE, | ) | No. C 11-03055 EJD (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL |
| vs. | ) ) | |
| MICHAEL HENNESSEY, et al., | ) ) | |
| Defendants. | ) ) | |

    Plaintiff, who is currently detained at the San Francisco County Jail, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 against Sheriff Michael Hennessey, the City and County of San Francisco, and the San Francisco General Hospital ("SFGH"). Plaintiff's motion to proceed in forma pauperis will be addressed in a separate order.

**DISCUSSION**

**A.    Standard of Review**

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable

Order of Dismissal
03055Berube_dismissal.wpd

claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff alleges that in May 2010, while housed at the San Francisco County Jail, he was attacked by another inmate, whom he claims was a "Northern Prison Gang Drop Out who couldn't be housed with blacks." Plaintiff alleges that the inmate bit his "fourth right hand ring finger completely off." Plaintiff was taken to "medical," where he was "given no treatment except a towel around [his] hand to absorb blood." Plaintiff claims that the deputies decided to take him directly to the hospital rather than call for an ambulance, and that he was stripped, shackled and taken to SFGH. At SFGH, he states that he "sat there suffering for 20 minutes" while "giv[ing] intake insurance information." Plaintiff claims that when he asked for morphine, the nurse replied, "'we don't give that here.'" (Compl. at 3.) Plaintiff states that he "believe[s] the incident was caused by the Sheriffs department, covered up by the Sheriff's department" and that he "feel[s] [he] was tortured by the SFGH." (Id. at 3-4.) Plaintiff seeks monetary relief for his pain and suffering, and the injury to his finger.

The complaint must be dismissed for failure to state a cognizable claim. Plaintiff's claim that he "believes" the Sheriff's Department caused and covered up the incident are purely speculatively and not supported by any facts, as is his claim against SFGH for the alleged "torture." Liberally construed, Plaintiff is stretching

Order of Dismissal
03055Berube_dismissal.wpd                    2

for an Eighth Amendment claim which requires a showing that: (1) the deprivation alleged must be, objectively, sufficiently serious, Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, id. (citing Wilson, 501 U.S. at 297). In prison-conditions cases, the necessary state of mind is one of "deliberate indifference." See, e.g., Farmer, 511 U.S. at 834 (inmate safety); Helling v. McKinney, 509 U.S. 25, 32-33 (1993) (inmate health); Estelle v. Gamble, 429 U.S. 97, 104 (1976) (inmate health). With respect to medical needs, a prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

First of all, Plaintiff fails to show that the Sheriff Department officials knew of and disregarded an excessive risk to Plaintiff's health or safety. See Farmer, 511 U.S. at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. See id. Here, Plaintiff makes no factual allegations regarding a potential threat to his safety at the hands of this particular inmate by which jail officials should have known that housing him with Plaintiff placed the latter at substantial risk of serious harm. Furthermore, without such factual allegations, it cannot be said that Defendants actually drew any inference between a potential threat and Plaintiff's safety to indicate that they acted with deliberate indifference in failing to protect Plaintiff. See Hearns v. Terhune, 413 F.3d 1036, 1041-42 (9th Cir. 2005).

Furthermore, there is no indication that Sheriff Department officials acted unlawfully in obtaining prompt medical care for Plaintiff after the attack. By Plaintiff's own admission, he was taken immediately to the jail's medical clinic, from which he was taken directly to SFGH. In fact, it appears that the deputy acted with greater expediency in taking him to the hospital himself rather than waiting for an ambulance to arrive. Accordingly, it cannot be said that jail officials acted with

Order of Dismissal
03055Berube_dismissal.wpd        3

1  deliberate indifference in obtaining medical care for his injuries.

2  Lastly, Plaintiff's allegation that SFGH "tortured" him is not supported by the facts. Assuming he had a serious medical need, Plaintiff must show that the nurse acted with deliberate indifference to state an Eighth Amendment medical claim. In order for deliberate indifference to be established, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. See McGuckin v. Smith, 974 F.2d 160 (9th Cir. 1992); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Here, Plaintiff fails to show that the nurse purposefully failed to provide him with morphine when she simply stated a fact regarding the unavailability of morphine at SFGH. Even if SFGH had morphine and the nurse decided it was not appropriate to give it to him, Plaintiff would still not be able to state a claim because a showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another is insufficient, as a matter of law, to establish deliberate indifference, see Toguchi v. Chung, 391 F.3d 1051, 1059-60 (9th Cir. 2004).

Accordingly, this action is DISMISSED for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b).

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED with prejudice.

DATED: November 21, 2011



EDWARD J. DAVILA
United States District Judge

Order of Dismissal
03055Berube_dismissal.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DAVID GEORGE BERUBE,

        Plaintiff,

  v.

MICHAEL HENNESSEY, et al.,

        Defendants.

Case Number: CV11-03055 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 11/23/2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

David G. Berube #11665234
San Francisco County Jail
850 Bryant Street
San Francisco, CA 94103

Dated: 11/23/2011

        Richard W. Wieking, Clerk
        /s/ By: Elizabeth Garcia, Deputy Clerk